UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ANGEL BARTLETT, | ) |
| | ) |
| Plaintiff, | )   Case No. 1:18-cv-94 |
| | ) |
| v. | )   Honorable Paul L. Maloney |
| | ) |
| STEPHEN GORSALITZ, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**REPORT AND RECOMMENDATION**

Plaintiff brings this case *pro se* and was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. This action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that the court "shall dismiss" actions brought *in form pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." For the reasons stated herein, I recommend that the complaint be dismissed.

**Discussion**

Dismissal of a complaint for failure to state a claim on which relief may be granted under § 1915(e)(2) is appropriate "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). To survive dismissal under § 1915(e)(2)(B),

> [a] complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.3d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

*Mitchell v. Cmty. Care Fellowship*, 8 F. App'x 512, 513 (6th Cir. 2001).

Plaintiff lists three defendants in the caption of her complaint:[1] Kalamazoo County Probate Court Judges Stephen Gorsalitz and Curtis Bell, and Allegan County Probate Court Judge Michael Buck. (ECF No. 1, PageID.1). Plaintiff's pleading consists of two handwritten pages. The nature of her complaint is unclear beyond expressing her dissatisfaction with probate court orders. (*Id.* at PageID.1-2). Plaintiff attaches a document containing a largely incoherent narrative containing no allegations against the defendants. Among other things, this document contains fragmentary allegations about phone calls that plaintiff placed to the CIA and Military Intelligence about a buzzing noise and about someone "making [her] mental again" by telling her that nuclear bombs had been buried under her mother's house. (*Id.* at PageID.3-7).

Among other things, the voluminous papers that plaintiff attached to her complaint as Exhibit 1 include a Kalamazoo County Probate Court order (ECF No. 1, PageID.9-10), Allegan County Probate Court papers (*Id.* at PageID.11, 25-38), claim

---

[1] Plaintiff cannot supplement her complaint without leave of Court. FED. R. CIV. P. 15(d). The supplements that plaintiff filed without leave of Court (ECF No. 5, 6) are disregarded.

of appeal papers (*Id.* at PageID.12-14), Allegan County Circuit Court papers (*Id.* at PageID.15-22), medical records (*Id.* at PageID.23-24, 72-79); Kalamazoo County Circuit Court papers (*Id.* at PageID.59-70, 80-106), correspondence from the Michigan Court of Appeals (*Id.* at PageID.58), and a police report (*Id.* at PageID.56-57). Plaintiff also attached a copy of the opinion of the United States Court of Appeals for the Sixth Circuit in *Bartlett v. Allegan County Circuit Courts*, No. 16-1749 in which the Sixth Circuit affirmed a judgment of the United States District Court for the Eastern District of Michigan dismissing plaintiff's complaint for lack of jurisdiction and for failure to state a claim upon which relief could be granted. (ECF No.1-1, PageID.43-45).

The Court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F.2d 1220, 1223-24 (6th Cir. 1987). Upon a liberal reading of plaintiff's complaint, the complaint is subject to dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted under 28 U.S.C.§ 1915(e)(2)(B)(ii). The complaint is incoherent, and I can discern no substantial federal question that would provide subject matter jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The attenuated, unsubstantial allegations in the complaint are insufficient to establish subject matter

jurisdiction in this Court.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that I recommend dismissal of the complaint, I recommend that, should the Court dismisses the action, it also find that there is no good-faith basis for an appeal.

### Recommended Disposition

For the foregoing reasons, I recommend that the complaint be dismissed for failure to state a federal claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1).  I further recommend that the Court find no good-faith basis for appeal.


Dated:   February 8, 2018            /s/ Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).